## In re WEISBERGER.
### No. 5860.

District Court, M. D. Pennsylvania.
Aug. 22, 1930.

See, also, 41 F.(2d) 275.

Albert W. Johnson, Jr., of Wilkes-Barre, Pa., for bankrupt.

Robert J. Doran, of Wilkes-Barre, Pa., for trustee.

WATSON, District Judge.

The referee in bankruptcy made an order requiring Harry S. Weisberger, bankrupt, to turn over to George H. McDonnell, the trustee in bankruptcy, merchandise consisting of men's, ladies', and children's shoes, men's haberdasheries, children's and ladies' wearing apparel, and property usually carried by the bankrupt in the conduct of his business to the value of $14,226.20, or if such merchandise has been sold, the proceeds of the sale thereof. This order was not reviewed in the District Court, and it has therefore been settled that the assets described were in the bankrupt's possession or control at the time of bankruptcy.

The bankrupt failed to comply with the order of the referee to turn over. Upon a certificate by the referee, the bankrupt has been cited to show cause why he should not be adjudged in contempt for failure to comply with the order to turn over. The bankrupt has filed an answer in which he alleges that he is unable to pay the money or deliver the goods, and that he is physically unable to obey the order. Testimony was taken on the rule to show cause, which testimony is now before the court.

Failure of a bankrupt to comply with an order to turn over makes him presumptively liable to punishment for contempt, but only presumptively. The inquiry now is as to the bankrupt's present ability to pay the money or deliver the goods In re Epstein, 206 F. 568 (District Court Eastern District of Pennsylvania); Id., 210 F. 236 (Circuit Court of Appeals, Third Circuit). If it is found that the bankrupt does not now possess or control the assets, he may still be liable to the criminal law; but, except for willful disobedience of the court's command, he cannot be confined by civil process.

The uncontradicted testimony is that the bankrupt is not physically able to deliver the money or the property, and, from all the evidence produced, I am satisfied that the bankrupt is really unable to obey the order and is not merely defying the order.

Now August 22, 1930, the rule to show cause why Harry S. Weisberger should not be adjudged in contempt is discharged.